IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JONATHAN A. QUEEN, as Executor    )
of the Estate of WILLIAM HAROLD   )
QUEEN, Deceased,                  )
                                  )
            Plaintiffs,           )
                                  )         1:16-CV-00330
     v.                           )
                                  )
CBS CORPORATION, et al.,          )
                                  )
            Defendants.           )

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, District Judge.

    Before the court is the motion of Defendant Union Carbide Corporation for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 69.) Plaintiff has not filed a response and has been warned that failure to respond will result in a decision without hearing. (Doc. 77.) For the reasons set forth below, the motion will be granted.

I.    BACKGROUND

    Plaintiff's decedent, William Harold Queen, contracted mesothelioma allegedly as a result of exposure to asbestos-containing products, including during his employment as a laborer at DuPont from 1964 until 1991. (Doc. 1 ¶ 13(a).) More specifically, Plaintiff alleges that Queen would have been exposed to asbestos both while working as a laborer and while working

around insulators who mixed, cut, and manipulated pipe and equipment insulation. (Id.) Plaintiff alleges negligence, product liability, breach of implied warranty, willful and wanton conduct, failure to warn, and conspiracy. (Id. ¶¶ 34, 42, 48, 55, 64, 69.)

Queen's two co-workers, offered for deposition in the case by Plaintiff, both testified that they are unaware of any asbestos exposure Queen had related to Union Carbide. (Doc. 70-2 at 3; Doc. 70-3 at 3.) There is no other evidence of any exposure of Queen to asbestos manufactured, distributed, or handled by Union Carbide. Based on this dearth of evidence, Union Carbide contends it is entitled to summary judgment. (Doc. 70 at 6.)

## II. ANALYSIS

Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 325 (1986). For the purposes of this motion, the court draws all inferences in favor of Plaintiff as the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Here, Plaintiff has failed to respond to Union Carbide's motion for summary judgment. Under the court's Local Rule 7.3(k), "[t]he failure to file a brief or response within the time period specified in this rule shall constitute a waiver of the right

2

thereafter to file such brief or response, except upon a showing of excusable neglect." Where there is such a failure, the rule provides further that "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." L.R. 7.3(k).

However, because even an unopposed dispositive motion must be supported by the record, the court must satisfy itself that the motion is warranted. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 409 n.8 (4th Cir. 2010) ("[I]n considering a motion for summary judgment, the district court 'must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'" (quoting Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993))); accord Gardendance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 449 (M.D.N.C. 2005) ("As with summary judgment motions, a court does not grant a motion for dismissal merely because it is uncontested. Rather, a district court should review a motion to dismiss on its merits to determine whether the pleadings are sufficient.").

Union Carbide has shown that there is no genuine dispute of any material fact and that it is entitled to judgment as a matter of law.

Plaintiff's claims rest on this court's diversity jurisdiction. (Doc. 1 ¶ 19.) Union Carbide argues that under

3

North Carolina and Fourth Circuit law, Plaintiff cannot show that exposure to its product was a proximate cause of Queen's injury. (Doc. 70 at 6.)  In Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156, 1162 (4th Cir. 1986) (applying Maryland law), the court held that a plaintiff must show that his exposure to a defendant's product was a "substantial factor" in causing the disease.  The court articulated this to mean that a plaintiff must present "evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked."  Id. at 1162-63.  This is consistent with the requirements of North Carolina law.  See Jones v. Owens-Corning Fiberglas Corp., 69 F.3d 712, 716 n.2 (4th Cir. 1995) (finding Lohrmann consistent with North Carolina law, citing North Carolina law).

It is axiomatic that in the absence of any demonstrated exposure, a defendant's product cannot be a factor, much less a substantial factor, in a plaintiff's disease.  Because Plaintiff here has not provided any evidence that Queen was exposed to any Union Carbide asbestos-containing product, Plaintiff's claims fail, and Union Carbide's motion for summary judgment must be granted.

**III. CONCLUSION**

For the reasons stated,

IT IS THEREFORE ORDERED that Defendant Union Carbide's motion

for summary judgment (Doc. 69) is GRANTED, and the claims against Union Carbide shall be DISMISSED WITH PREJUDICE.

                                                /s/    Thomas D. Schroeder
                                        United States District Judge

December 7, 2017